IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Juan Mendez, | ) | Case No. 6:19-cv-00539-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| C/O Cook and C/O Cleveland, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  Defendants filed a motion for summary judgment on September 12, 2019.  ECF No. 68.  Plaintiff filed responses in opposition, and Defendants filed a reply.  ECF Nos. 83, 88, 93, 96.  Plaintiff renewed his motion to appoint counsel on April 8, 2020.  On April 10, 2020, the Magistrate Judge issued a Report recommending that the motion for summary judgment be denied and the motion to appoint counsel be granted.  ECF No. 102.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they

failed to do so. No party has filed objections to the Report, and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, no party has objected to the Magistrate Judge's Report. Further, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge as to the motion for summary judgment. In reviewing Plaintiff's filings, it appears to the Court that this pro se litigant has a colorable claim but lacks the capacity to properly present such claims. *Zuniga v. Effler*, 2012 WL 2354464 (4th Cir.

---

[1] The Court notes that Plaintiff filed a reply to the Report inquiring into the status of the appointment of counsel.

2012).  In such a circumstance, the Court has the discretion to appoint counsel for the pro se litigant if the party is unable to afford counsel.  28 U.S.C. § 1915(e).  The Court finds that appointment of counsel is proper under these circumstances and appoints Howard W. Anderson, III, of the Law Office of Howard W. Anderson III, LLC, as counsel for Plaintiff.  Defendants' motion for summary judgment [68] is **DENIED** and Plaintiff's motion for appointment of counsel [100] is **GRANTED**.

    IT IS SO ORDERED.

                s/ Donald C. Coggins, Jr.
                United States District Judge

June 16, 2020
Spartanburg, South Carolina